No. 1813. STATE *v.* TARRANT, November Term, 1885. This was a prosecution against the defendant for official misconduct as a trial justice, tried before Aldrich, J., at Abbeville. Defendant appealed, and this court ordered a new trial, *holding*—

1. The good character of the defendant, if established to the satisfaction of the jury, is a circumstance to be considered by them in determining whether the acts done by defendant resulted from an honest mistake of law, or were prompted by an evil intent; but the judge could not charge that certain facts, as evidence of good character, "should weigh with the jury as a strong presumption of the defendant's innocence."

2. Unless a request to charge is correct as a whole, a refusal to charge it cannot be assigned as error.

3. The judge erred in declining to charge "unless the jury are satisfied that the evidence has proved beyond a reasonable doubt the evil and malicious intent of the defendant, the intent being the essence of the offence, no act of the defendant done because of mistake or misconception of the law, can establish a case of misconduct or oppression in office," he having submitted to the jury the requests to charge as containing correct principles of law in the abstract.

4. Two elements must combine to constitute the offence charged—doing some act in an official capacity, in violation of law, and the evil intent with which such act is done.

5. The judge did not err in refusing to grant a new trial, where the motion was based upon the proposition, that "if in the judge's opinion the preponderance of evidence is on the side of the defendant, he is entitled to a new trial." It is the province of the jury, and not of the judge, to weigh the testimony.

6. In assigning no reasons for refusing a new trial, the judge committed no error of law. If the motion was based upon matters of fact only, this court has no jurisdiction to review his judgment; and if based upon propositions of law, this court would assume that he had overruled them, and his ruling would be open to review on appeal. OPINION by MR. JUSTICE McIVER,

February 22, 1886. *W. C. Benet*, for appellant. *Orr*, solicitor, contra.